

THE ATTORNEY GENERAL

OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Mortimer Brown
Executive Secretary
Teacher Retirement System of Texas
Austin, Texas

Dear Sir:

Opinion No. O-3399
Re: Whether or not persons engaged by
the Federal Government in the emergency
relief educational program are eligible
to participate in the teacher retire-
ment system of Texas.

We received your letter dated April 9, 1941, which is self-explanatory, and reads, in part, as follows:

"1. Are persons who are engaged in the emergency relief educational program where teachers unable to get employment in regular schools were employed under the relief program at the time the teacher retirement system was voted in Texas, eligible for participation in the teacher retirement system of Texas?

"2. Are persons now engaged or heretofore engaged in educational work for the Federal Government wherein the full salary is paid to said employee by the Federal Government, but the work of the employee is performed in public school buildings and where materials of the public schools are used, eligible for participation in the teacher retirement system of Texas?

"3. If the answers to Question No. 1 and No. 2 are in the affirmative, will you advise if it should be the duty of the individual to now pay 5 per cent of his salary so earned from the Federal Government or is he eligible to retirement without this payment?

"This department has been operating for three and one-half years with the belief that the provision in the Constitution of the State, Article 3, Section 48a which reads as follows:

"'In addition to the powers given to the Legislature, under Section 38 of Article 3, it shall have the right to levy taxes to provide a Retirement Fund for persons employed in public schools, colleges and universities, supported wholly or partly by the State;
. . . . . . .'

"and the definitions of the terms 'teacher' and 'public school' as found in Section 1, Subsection 2 and 3 of the Teacher Retirement Act which read as follows:

"'Public School' shall mean any educational organization supported wholly or partly by the State under the authority and supervision of a legally constituted board or agency having authority and responsibility for any function of public education.

"'Teacher' shall mean a person employed on a full-time regular salary basis by boards of common school districts, boards of independent school districts, county school boards, Retirement Board of Trustees, State Board of Education and State Department of Education, boards of regents of colleges and universities, and any other legally constituted board or agency of an educational institution or organization supported wholly or partly by the State. In all cases of doubt, the Retirement Board of Trustees, hereinafter defined, shall determine whether a person is a teacher as defined in this Act. A teacher shall mean a person rendering service to organized public education in professional and business administration and supervision and in instruction, in public schools as defined in subsection (2) of this section.

"do not permit a person employed in educational work of the Federal Government and receiving all of his salary directly from the Federal Government to be considered as eligible for participation in the Teacher Retirement Program of Texas. It is my understanding that employees of the Emergency Education Program are empoyees of the Federal Government and are reimbursed entirely and directly by the Federal Government. It is also my understanding that some of these emergency education employees are granted permission to hold their classes in churches and various other places. . . . ."

Subsection 5 of Section 1 of the Teacher Retirement Act, codified in Vernon's Annotated Civil Statutes as Article 2922-1, reads as follows:

"(5)  'Employer' shall mean the State of Texas and any of its designated agents or agencies with responsibility and authority for public education, such as the common and independent school boards, the boards of regents of state colleges and universities, the county school boards, or any other agency of and within the State by which a person may be employed for service in public education."

Subsection 1 of Section 3 of said Act reads as follows:

"(1)  All persons who are teachers on the date as of which the Retirement System is established shall become members as of that date as a condition of their employment unless within a period of ninety (90) days after September 1, 1937, any such teacher shall file with the State Board of Trustees on a form prescribed by such Board, a notice of his election not to be covered in the membership of the System and a duly executed waiver of all present and prospective benefits which would otherwise inure to him on account of his participation in the Retirement System."

As we understand the facts concerning the persons mentioned in your letter, they are employed directly by the Federal Government. We also understand their salary is paid directly by the Federal Government and their services are controlled by a Federal Agency and not by a State Agency.  For these reasons we do not believe that the persons mentioned in your first question are teachers as that term is defined in the Act, supra, and they are not, therefore, eligible to participate in the teacher retirement system.  For further reason, we note that Subsection 1 of Section 3 of the Act, supra, provides that persons who are teachers at the time of the establishment of the retirement system shall become subject thereto as a condition of their employment unless they file a rejection within a period of time.  We do not  believe the Legislature intended to so condition the employment of a person who is not in the employment of any State Agency, but, on the contrary, is in the employment of the Federal Government.

In answer to your second question, we are of the opinion that the persons mentioned are not teachers as that term is used in the Act notwithstanding they may perform their work in a public school building.  This is for the reason that they are not employed by any State Educational Agency but are employed directly and exclusively by the Federal Government.

Since we answer your first two questions in the negative, we do not answer your third question.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Lee Shoptaw
Lee Shoptaw
Assistant

LS:db:wc

APPROVED APRIL 25, 1941
s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED Opinion Committee By s/BWB Chairman